### In the matter of FINCH.

Money which is brought into court, as the proceeds of the sale of infants' lands under the order of this court, is to be deemed as real estate. Such money belonging to a female married infant, will not be paid to her husband before she becomes of age. It will be paid to her husband when she becomes of age, upon her application; but the court will ascertain that it is her free and voluntary act, without compulsion, before any order will be made for its payment.

THE petitioner, Lucy Finch, was one of the children and heirs of Simeon Bristol, who died, and whose real estate was sold by the order of this court, for the benefit of his infant heirs, and the share of Lucy Finch was brought into court. While still an infant, Lucy Finch married the other petitioner, Henry W. Finch, and they made application for the payment of her share to the husband, before she had attained to the age of twenty-one years.

THE VICE CHANCELLOR. The petitioners seem to labor under the erroneous impression that this mo-

ney, the proceeds of the sale of the infant's real es-
tate, is personal property; and as such, of right
belongs to the husband. The sale of this real estate
was made by order of this court, under the statutes
authorising the sale of the real estate of infants. The
180th section of that statute provides that the pro-
ceeds of such sales shall be deemed real estate, of
the same nature as the property sold. This money,
though in court in money, is to be deemed as real
estate; and its disposition must be made under the
same rules and with the same formalities, so far as ap-
plicable, as if the property still remained in land. If it
still retained the form of real estate, this married in-
fant could not, by joining in a deed with her husband,
make a valid conveyance of it. She has not yet ar-
rived at the age of legal capacity for making a con-
veyance. When she has reached the age of legal
discretion, it would doubtless be competent for her,
by joining with her husband in a deed, to convey the
land—so I apprehend that, after reaching such an
age, it would be competent for her to join with her
husband in a petition to have the money paid as they
shall direct. But before granting such a petition, I
shall feel myself required to take the same precau-
tions to inquire whether it is done with the full and
free consent of the wife, as the law requires upon a
conveyance of lands. I must then ascertain, either
from a personal examination apart from her husband,
or from such examination by a proper officer, that
the wife directs such a disposition of the money freely
and of her own accord, and without any fear or com-
pulsion of her husband. And such an examination
must be preceded by informing the wife fully of her
legal rights in relation to this property. After she

Mar. 1841.

has become of age, and after such information is given to her, and she freely consents to such a disposition of the money, I can see no objection to granting the order for its payment. (Ferris vs. Bush and others, 1 Edwards' Rep. 572.)

---

Afterwards, upon the wife becoming of full age, a petition was presented by the husband and wife, for the payment of the money in court to the husband. The wife was examined personally by the Vice Chancellor, apart from her husband, and fully informed of her legal rights in relation to such money ; and she then acknowledged that she had signed the petition freely and voluntarily, and without any fear or compulsion of her husband; and desired that the money should be paid according to the prayer of the petition. And it appearing satisfactorily that the wife was then of full age, an order was made for the payment over of the money.